BILAL A. ESSAYLI
United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
RAHUL R.A. HARI (Cal. Bar No. 313528)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6159
     E-mail:   Rahul.Hari@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 5:25-cr-102-MWF |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | Hearing Date: July 14, 2025 |
| TERESO GUADALUPE MARTINEZ REYES, | Hearing Time: 1:30 p.m. |
| Defendant. | Location:   Courtroom of the Hon. Michael W. Fitzgerald |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Rahul R.A. Hari, hereby files its Sentencing Position for defendant Tereso Guadalupe Martinez Reyes.

//

//

The government's Sentencing Position is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Investigation Report and Recommendation Letter, and any other evidence or argument that the Court may permit.

Dated: June 30, 2025

Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

       /s/
RAHUL R.A. HARI
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In March 2025, just one month after being removed from the United States and within a day of reentering the United States, defendant Tereso Guadalupe MARTINEZ REYES was arrested by law enforcement with over $60,000 of sneakers stolen from interstate commerce.  Defendant pled guilty to one count of possession of goods stolen from an interstate shipment in violation of 18 U18 U.S.C. § 659.  (Dkt. 18.)

On June 10, 2025, the United States Probation and Pretrial Services Office ("USPO") filed its Presentence Investigation Report (Dkt. 22 (the "PSR")) and Recommendation Letter (Dkt. 21 (the "Recommendation Letter")).  In the PSR, Probation determined that (1) defendant's total offense level is 8; (2) defendant's criminal history category is I; and (3) defendant's Sentencing Guidelines range is 0 to 6 months' imprisonment. (PSR at 3.)

The government concurs with USPO's calculation of the applicable guidelines range and respectfully requests that the Court sentence defendant to 4 months' imprisonment, to be followed by a one-year of supervised release, and a one-hundred-dollar special assessment.[1]

**II.   STATEMENT OF FACTS**

Defendant admitted to the following facts at his change of plea hearing and in the plea agreement.  (Dkts. 18-19.)

On February 4, 2025, defendant Martinez Reyes was removed from the United States. Defendant thereafter re-entered the United States and, on or about March 13, 2025, defendant was found in the United

---

[1] The government concurs with USPO's recommendation of no criminal fine based on defendant's inability to pay.  (Dkt. 21.)

States, in San Bernardino County, without the permission of the Attorney General or the Secretary of Homeland Security.

On or about March 13, 2025, in San Bernardino County, within the Central District of California, defendant knowingly possessed goods, which had a value in excess of $1,000, and which had been embezzled and stolen from a shipment in interstate commerce. Specifically, defendant knowingly possessed approximately 478 pairs of limited-edition Nike Jordan 6 Rings shoes, worth approximately $64,530, which had been stolen from a Burlington Northern Santa Fe Railway train while en route in interstate commerce between California and Texas. At all relevant times, defendant knew the 478 pairs of shoes were stolen from train heists.

### III. PROBATION'S OFFENSE LEVEL CALCULATIONS AND RECOMMENDATION

The USPO calculated defendant's USSG Total Guidelines Offense Level to be 8.  The government agrees with the PSR's calculation. (PSR at 3.)  The USPO determined that the defendant has no criminal history points, which puts him in criminal history category I.  (Id. ¶¶ 45-51.)  Taken together, the USPO found that the Guidelines range for defendant's term of imprisonment was 0 to 6 months. (Id. ¶ 73.) The government agrees with these calculations.

### IV. GOVERNMENT'S RECOMMENDATION

The Court must impose a sentence that is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a).  The Court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).  In addition, the Court should fashion a sentence that reflects the seriousness of the offense, promotes respect for the rule of law, provides just

2

punishment for the offense, affords adequate deterrence to criminal conduct, and protects the public from future crimes of the defendant, among other considerations. 18 U.S.C. § 3553(a)(2).

The government recommends that defendant be sentenced to (1) a term of imprisonment of four months; (2) one-year of supervised release to follow his term of imprisonment; and (3) a mandatory one-hundred-dollar special assessment due immediately.  Such a sentence is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a).

### 1. Nature and Circumstances of the Offense

The Court must consider the nature, circumstances, and seriousness of the offense. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A). Here, the government's proposed sentence reflects the seriousness of defendant's crimes.

A four-month sentence, above the mid-range Guidelines period of incarceration, accounts for defendant's conduct in this case.  Within a month of being removed from the United States, defendant reentered the United States and was found in possession of $64,530 worth of stolen Nike sneakers.  Defendant knew the sneakers had been stolen from train heists.

### 2. History and Characteristics of Defendant

Defendant's removal and reentry, in conjunction with the conduct to which he pled, warrants a term of imprisonment above the mid-range of the Guidelines calculation.

### 3. Need for Deterrence and to Promote Respect for the Law

Given defendant's history, the recommended sentence is necessary not only to deter defendant, but also to adequately deter others. See 18 U.S.C. § 3553(a)(2)(B) (the sentence imposed is required "to

afford adequate deterrence to criminal conduct," which encompasses both specific and general deterrence).  A term of imprisonment is warranted here to adequately deter defendant from further criminal conduct.

The government agrees with the Probation Office that defendant is unable to pay a fine and not likely to become able to do so.  The government therefore recommends that all fines be waived.  (Dkt. 21.)

**V.   CONCLUSION**

For the foregoing reasons, the government respectfully recommends that defendant be sentenced to four months' imprisonment, one-years' supervised release, a $100 special assessment, and no fine.  The government submits that this sentence is "sufficient, but not greater than necessary, to comply with the purposes enumerated in 18 U.S.C. § 3553(a)(2)." 18 U.S.C. § 3553(a).

Dated: June 30, 2025               Respectfully submitted,

                                          BILAL A. ESSAYLI
                                          United States Attorney

                                          CHRISTINA T. SHAY
                                          Assistant United States Attorney
                                          Chief, Criminal Division

                                                 /s/
                                          RAHUL R.A. HARI
                                          Assistant United States Attorney

                                          Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA